■ In the Matter of PATTON INDUSTRIES LTD. et al., Appellants, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Respondents. — Order and

judgment (one paper), Supreme Court, New York County (Hilda Schwartz, J.), entered on June 27, 1983, unanimously affirmed, without costs and without disbursements. Concur — Sandler, J. P., Sullivan, Ross and Alexander, JJ.

Asch, J., concurs in a memorandum as follows: I concur in the affirmance of the judgment dismissing the petition. Since petitioners-appellants did not utilize the apartment in issue as a primary residence, the Conciliation and Appeals Board properly denied them a renewal lease pursuant to subdivision E of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. As an additional basis for affirmance I also rely on my individual conviction that a corporation leasing an apartment in New York City is not protected by subdivision E of section 54. In a prior action I have noted, by way of dissent, my doubt that any corporation can maintain a "residence" as that term is used in the emergency housing laws. (See *Matter of Sommer v New York City Conciliation & Appeals Bd.*, 93 AD2d 481, 486-490.) Those laws were designed to protect individual residents of New York from the hardship flowing from the lack of residential space. They were not enacted to benefit corporations seeking to provide housing or a convenient pied-a-terre for their executives or other visitors. Many businesses in New York, some of which are operated by individuals, have no protection from the rapidly escalating rents charged in certain areas of our city. Although admittedly these rents are for commercial, not residential accommodations, it is evident that any rental by a corporation of a residential accommodation would be for business purposes. The Legislature has not seen fit to extend the protection of the rent stabilization scheme to these commercial establishments, many of them "Mom and Pop" businesses struggling for existence. In view of that fact, I find it anomalous that corporations, some of which are giant conglomerates, can simultaneously take advantage of the benefits of the Code of the Rent Stabilization Association of New York City, Inc., and at the same time take the expenses as deductible items under the city, State and Federal tax laws.